UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID S.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:21-cv-139

Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

Plaintiff David S. filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents two claims of error for this Court's review. The Commissioner's finding of non-disability will be AFFIRMED because it is supported by substantial evidence in the record as a whole.[2]

**I. Summary of Administrative Record**

On January 18, 2019, Plaintiff filed an application for Supplemental Security Income ("SSI"), alleging he became disabled on September 7, 2013, based upon severe physical impairments, impacting his ability to stand and walk. (Tr. 267). After his claim was denied initially and upon reconsideration, Plaintiff requested an evidentiary hearing

---

[1]The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.
[2]The parties have consented to the jurisdiction of the undersigned magistrate judge. *See* 28 U.S.C. §636(c).

1

before an Administrative Law Judge ("ALJ"). At a hearing held on May 12, 2020, Plaintiff appeared with counsel and gave testimony before the ALJ. A vocational expert ("VE") also testified. On June 24, 2020, the ALJ issued an adverse written decision, concluding that Plaintiff was not disabled. (Tr.15-30). Plaintiff now seeks judicial review of the denial of his application for benefits.

Plaintiff was 44 years old on his original alleged disability onset date. He testified that he has a high school education. He also testified that many of his impairments began with a severe beating while the Plaintiff had been incarcerated. He has past relevant work as a truck driver.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "disorders of the spine, disorders of the knees, migraines and obesity." (Tr. 17). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work subject to the following limitations:

> [He] can only occasionally climb ladders, ropes or scaffolds. He can frequently stoop and crouch, but only occasionally kneel and crawl. He must avoid all hazards of unprotected heights, close proximity to dangerous machinery, and commercial driving.

(Tr. 20). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, limited education and work experience, and the RFC, the ALJ concluded that while Plaintiff could no longer perform his past relevant work, he could perform a significant number of unskilled jobs in the regional and national economy, including housekeeping cleaner, inspector and parking lot cashier. (Tr. 29). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: (1) improperly evaluating Plaintiff's ability to perform standing and walking as required for light work; and 2) failing to properly consider Plaintiff's use of a cane for ambulation. Upon close analysis, I conclude that Plaintiff's arguments are not well-taken.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

3

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Com'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is Substantially Supported**

Plaintiff argues that the ALJ's determination that Plaintiff could perform light work is not supported by substantial evidence. The RFC is the "most [an individual] can still

4

do despite [his physical and mental] limitations." 20 C.F.R. § 416.945(a)(1). An ALJ determines the claimant's RFC using "all the relevant evidence in [the] case record." Id. Yet it is the claimant's burden to establish his RFC. See id. § 416.945(a)(3) ("In general, you are responsible for providing the evidence we will use to make a finding about your residual functional capacity."); see also *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (claimant bears the burden of demonstrating a more restrictive RFC); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) ("Plaintiff has the ultimate burden of establishing the existence of disability.").

    1. *Standing and Walking*

Here, the ALJ found that plaintiff had the RFC for a range of light work (Tr. 20 (Finding 4)), which would require "standing or walking, off and on, for [about] 6 hours of an 8-hour workday." Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *6; see also 20 C.F.R. § 416.967(b). Plaintiff claims that the ALJ's decision that he is capable of the standing and walking requirements for lights work is not supported by substantial evidence. Namely, Plaintiff contends that he has a well-documented history of bilateral knee pain and sciatica which affect his gait and limit his ability to perform the walking and standing required for light work. (Tr. 302, 425, 607, 714, 716, 718, 856, 1209, 1237). Plaintiff further asserts that he been prescribed bilateral hinged leg braces, but the ALJ did not consider the impact of these assistive devices. (Tr. 749, 752, 753). Plaintiff's contention lacks merit.

As noted by the Commissioner, Plaintiff relies almost entirely on evidence that precedes his SSI application. Here, Plaintiff applied for SSI on January 18, 2019. SSI benefits are payable only as of the month after the month of application. 20 C.F.R. § 416.335. Thus, the primary period at issue begins with Plaintiff's date of application,

January 2019, as there can be no retroactivity of benefits under SSI. *Id.* However, Plaintiff relies on treatment notes from 2015 (Tr. 262), 2016 (Tr. 259-60, 267-69, 758-59, 762, 763-64), 2017 (Tr. 749, 753, 856, 859) and 2018. (Tr. 504-07). Namely, while Plaintiff's argument repeatedly mentions a leg brace (see Doc. 11, at 9-10), the records that he relies on to establish its existence are from 2017. (Doc. 11, at 9 (citing Tr. 749,752, 753)). Plaintiff does not cite evidence showing that he wore the leg brace after January 2019 or more importantly, evidence that the brace limited his RFC.

Here, the ALJ noted that treatment notes from Dr. Miller, an orthopedic surgeon, in 2016, contained mostly normal or unremarkable findings relating to Plaintiff's bilateral knee pain. (Tr. 21). Dr. Miller documented an unremarkable physical exam, finding normal gait with good balance and coordination, normal strength reflexes and pulses. *Id.* The ALJ also cited to treatment notes from Dr. Shybut, another orthopedic surgeon, who treated Plaintiff in 2017. Dr. Shybut noted tenderness and endorsed the benefit of Plaintiff wearing a knee brace and noted Plaintiff reported the brace "controls his osteoarthritic symptoms as well." (Tr. 22). Dr. Shybut also fitted Plaintiff with a "brace for his left knee and endorsed significant improvement in his discomfort." (Tr. 22).

Additionally, the ALJ also considered the findings of Dr. Schneider, another orthopedic surgeon who treated Plaintiff in February 2019. Notably, Dr. Schneider documented a normal physical examination. He observed that Plaintiff was in no acute distress, with normal motor function, normal sensory function, and no focal deficits noted. (Tr. 22). His examination of the lower extremities revealed no effusion, healed scope incisions, and normal range of motion 0-135 degrees in the bilateral knees. He noted some tenderness in the left dorsal foot, but no swelling and good left foot/ankle range of motion, with no cyanosis and no clubbing. Imaging of the bilateral knees were normal,

noting normal joint alignment, no fractures or dislocations, good preservation of joint margins with no bony destructive lesions and no soft tissue calcifications noted. Id. The ALJ also cited the consultative examiner's finding that plaintiff could walk well without a cane, even though he had one when he went to the examination (Tr. 27; supported at Tr. 1192; see also Tr. 1194 (finding "normal gait")). The ALJ also relied on the findings of two state agency physicians, who concluded that plaintiff could stand and/or walk about six hours in a workday (Tr. 28 (first paragraph); supported at Tr. 73, 91).

Furthermore, as noted by the Commissioner, Plaintiff cites to two primary care physician notes—one from February 2019 and another from April 2019—where he complained that walking and standing made his symptoms worse (Doc. 11, at 10 (citing Tr. 607)) and it was noted that he used a cane (Id.; citing Tr. 1131)). Plaintiff also cites to an emergency room visit (for back pain) where he alleged trouble walking and used a cane. (Id.; citing Tr. 1237, 1243, 1246)). However, the ALJ considered this evidence and determined that Plaintiff's subjective complaints were not entirely consistent with the evidence. (Tr. 26).

Notably, Plaintiff does not challenge the ALJ's subjective symptoms analysis. Thus, any such argument has been waived. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (noting failure to raise a claim in merits brief constitutes waiver); *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) ("[Issues] adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). It is the job of the ALJ, and not the reviewing court, to evaluate the credibility of Plaintiff's subjective statements. *Foster v. Halter,* 279 F.3d 348, 353 (6th Cir. 2001) ("Our role is not to . . . examine the credibility of the claimant's

testimony."); *Brainard*, 889 F.2d at 681 (6th Cir. 1989) ("We do not . . . make credibility findings.").

Accordingly, the Commissioner contends that this part of the ALJ's determination should be given great weight and great deference. The undersigned agrees. See *Jones v. Comm'r*, 336 F.3d at 476 ("Upon review, we are to accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying."). The regulations are clear that statements by Plaintiff about his pain or symptoms will not alone establish that he is disabled. 20 C.F.R § 404.1529(a).

In light of the foregoing, the undesigned finds that the ALJ's decision is substantially supported in this regard and should not be disturbed.

2. *Use of a Cane*

Plaintiff argues that the ALJ's RFC determination cannot be sustained because he failed to consider Plaintiff's use of a cane. As detailed above, the RFC is the most Plaintiff can still do despite the physical and mental limitations resulting from his impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Poe v. Comm'r of Soc. Sec.,* 342 F. App'x 149, 155-56 (6th Cir. 2009) (citing the regulations). Plaintiff has the burden to provide evidence to establish his RFC. See 20 C.F.R. § 404.1545(a)(3); SSR 96-8p. Social Security Ruling 96-9p addresses the issue of hand-held assistive devices, as follows:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or

> descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.

Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *7 (S.S.A. July 2, 1996). "If a cane is not medically necessary, it cannot be considered a restriction or limitation on the plaintiff's ability to work, *Carreon v. Massanari*, 51 Fed. Appx. 571, 575 (6th Cir. 2002), and the administrative law judge is not required to reduce the claimant's RFC accordingly." *Lowe v. Comm'r of Soc. Sec.*, 2016 WL 3397428 at * 6 (S.D. Ohio June 21, 2016) (citing *Casey v. Sec'y of Health Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

Here, as noted by the Commissioner, the ALJ found Plaintiff's cane use not medically necessary. (Tr. 26). In making this determination, the ALJ noted that Plaintiff testified that he uses a cane, however he determined that "there is no indication in the record of chronic use of a cane or that it was prescribed by a treating provider." Id. The ALJ further noted that Plaintiff presented at the consultative examination with a cane but was reported able to ambulate "with ease" without using a cane. The ALJ also considered that treatment notes also documented that Plaintiff presented at times without a cane, with no significant gait deficient reported. Id.

As noted above, Plaintiff must establish: (1) that he needed a cane; and (2) the specific purpose for which he required it. Here, however, Plaintiff simply challenges the ALJ's finding that the cane was not "medically necessary" by citing only to evidence showing that he used a cane and was seen with the cane in some medical appointments Such evidence fails to show that a cane was medically required. See *Rodgers-Eaches v. Comm'r of Soc. Sec.*, 20-69, 2021 WL 164254, at *7 (S.D. Ohio Jan. 19, 2021) (collecting cases, finding that such evidence did not show that a cane was medically necessary). The regulations make clear that it is Plaintiff's burden to prove his limitations, including

9

his need for a cane. 20 C.F.R. § 416.912(c) ("You must provide evidence showing how your impairment(s) affects your functioning during the time you say that you are disabled, and any other information that we need to decide your case.")

The record provides substantial evidence to support the ALJ's assessment of Plaintiff's RFC, and Plaintiff failed to prove that he had additional limitations. The Commissioner's findings must stand if substantial evidence supports them, regardless of whether the reviewing court would resolve conflicts in the evidence differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). *See also Hickey-Haynes v. Barnhart*, 116 F. App'x 718, 726 (6th Cir. 2004) (stating "substantial evidence is a fairly low bar").

The ALJ's findings in this case are well within the zone of reasonable choices. *See* Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713-14 (6th Cir. 2012) ("As long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess."); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("As long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion."). Substantial evidence supports the ALJ's findings and the conclusion that Plaintiff was not disabled within the meaning of the Social Security Act.

### III. Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT** the decision of the Commissioner to deny Plaintiff SSI benefits be **AFFIRMED** because it is supported by substantial evidence in the record as a whole.

_/s Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge
